UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

CHRISTIE SUTHERLAND,                        )
   Plaintiff,                               )          Civil No. 3:03 CV 0662 (PCD)
                                           )
v.                                          )
                                           )
OLIN CORP. d/b/a OLIN BRASS                  )
SOMERS THIN STRIP                           )
   Defendant.                               )          December 22, 2003

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

## I.  BACKGROUND

On April 11, 2003, plaintiff Christie Sutherland brought a single-count complaint against

defendant Olin Corporation d/b/a Olin Brass Somers Thin Strip ("Olin") alleging that he was

terminated from his position with Olin in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et seq.  On June 3, 2003, counsel for the respective parties participated in a

conference pursuant to Rule 26(f).  As a result of that conference, a Report of the Parties'

Planning meeting was prepared, which was later approved and adopted, in part, by the Court.  In

accordance with the report, as approved by the Court, discovery is to be completed by January 9,

2004.  (Exhibit 1 attached hereto).

On August 13, 2003, Olin served its First Set of Interrogatories and Requests for

Production of Documents ("Discovery Requests")(Exhibit 2 attached hereto) on plaintiff, along

with a notice of plaintiff's September 24, 2003 deposition.  (Exhibit 3 attached hereto).  Plaintiff

requested a 30-day extension to respond to the Discovery Requests to October 14, 2003.  Olin

did not object to this extension.  On October 10, 2003, plaintiff served his responses and

objections to Olin's Discovery Requests ("Discovery Responses"). (**Exhibit 4** attached hereto). Unfortunately, plaintiff failed to respond to many of Olin's Discovery Requests, provided evasive and incomplete responses to many other Discovery Requests, and interposed improper and unsustainable objections. On October 20, 2003, Olin re-noticed plaintiff's deposition for November 12, 2003 (Exhibit 5 attached hereto), in expectation that plaintiff would make Initial Disclosures, and provide supplemental information and documents in accordance with the representations made in his Discovery Responses. On November 11, 2003, Olin's counsel wrote to counsel for plaintiff to advise him that plaintiff's deposition scheduled for the following day would be postponed for a second time on account of plaintiff's failure to supplement his Discovery Responses. Counsel for Olin further requested that plaintiff's counsel contact him as soon as possible in order to address the outstanding discovery issues and complete discovery. (Exhibit 6 attached hereto). Plaintiff's counsel did not respond to the foregoing request or take any other steps to resolve the outstanding discovery issues. Accordingly, on November 18, 2003, counsel for Olin wrote to plaintiff's counsel for a second time in order to detail the deficiencies in plaintiff's Discovery Responses and request supplemental responses and plaintiff's Initial Disclosures. Counsel for Olin further requested that plaintiff's counsel provide information concerning whether plaintiff intended to comply with Olin's Discovery Requests so that Olin, if necessary, could prepare a motion to compel responses and for appropriate sanctions. (Exhibit 7 attached hereto). Once again, however, no response was forthcoming from plaintiff's counsel.

As of the date of this motion, plaintiff has neither made Initial Disclosures in accordance with Rule 26(a), nor has he provided complete Discovery Responses. As a result, Olin has been compelled to delay plaintiff's deposition on multiple occasions. The Scheduling Order in this

case provides that the deadline for the parties to complete discovery is January 9, 2004. Olin has

re-noticed plaintiff's deposition for January 6, 2004, therefore necessitating plaintiff's Initial

Disclosures and responses to the Discovery Requests sufficiently in advance of his deposition.

As the discovery deadline is rapidly approaching and plaintiff has not made Initial Disclosures or

provided complete responses to the Discovery Requests, Olin has been forced to file this motion

to compel and for sanctions to seek the Court's intervention.

## II.    LAW AND ARGUMENT

### A.    Plaintiff has not made Initial Disclosures or provided responses to certain of Olin's Discovery Requests.

Rule 37(c) expressly provides that a party who "fails to disclose information required by

Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is

not . . . permitted to use as evidence . . . any witnesses or information not so disclosed" and that

the Court "may impose other appropriate sanctions" including requiring the payment of

attorney's fees caused by the failure or dismissing the action. *See also Nieves v. City of New*

*York*, 208 F.R.D. 531, 534 (S.D.N.Y. 2002)(a party may move to compel disclosure and for

appropriate sanctions where a party "fails to make a disclosure required by Rule 26(a)").

Likewise, where a party has failed to provide answers or objections to interrogatories or written

responses to requests for inspection, "the party seeking discovery may move directly for the

imposition of sanctions under Rule 37(d), which 'allows the court in which the action is pending,

on motion, to impose a variety of sanctions . . . .'" *J.M. Cleminshaw Company v. City of*

*Norwich*, 93 F.R.D. 338, 345, n.2 (D. Conn. 1981).

Despite the fact that plaintiff's Initial Disclosures were due within 14 days of the parties'

June 3, 2003 Rule 26(f) conference, and despite Olin's requests for said Initial Disclosures,

plaintiff has failed to make Initial Disclosures in contravention of his obligation under Rule

3

26(a). In addition, although plaintiff represented in his Discovery Responses that information and documents responsive to Interrogatories 1 and 2, and Requests for Production 1 through 5, 20 and 23 was forthcoming (Exhibit 4 attached hereto), no such information or documents have been provided. Accordingly, Olin requests that the Court direct plaintiff to make Initial Disclosures and provide complete responses, without objection, to Interrogatories 1 and 2, and Requests for Production 1 through 5, 20 and 23, and impose other appropriate sanctions.

**B.    Plaintiff has provided evasive and incomplete responses to many of Olin's Discovery Requests.**

Pursuant to Rule 37(a), if a party "fails to answer an interrogatory submitted under Rule 33" or "in response to a request for inspection submitted under Rule 34, fails to respond . . . the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request." For purposes of the Rule, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.C.P. 37(a)(3). *See also J.M. Cleminshaw Company*, 93 F.R.D. at 345, n.2 (under Rule 37(a), party seeking discovery may move for an order compelling answers or production "[w]here the party resisting discovery has responded by objecting to certain interrogatories or requests for production, or has served responses that the party seeking discovery considers to be evasive or incomplete"); and *Cullins v. Heckler*, 108 F.R.D. 172, 176 (S.D.N.Y. 1985)("motion to compel may be made where a party has failed to respond to interrogatories or has answered so evasively or incompletely that the purposes of discovery are thwarted").

Plaintiff, in his Discovery Responses, provided evasive and incomplete responses to many of Olin's Discovery Requests. Specifically, plaintiff has provided evasive and incomplete responses to Interrogatories 7, 9 and 13, and Requests for Production 9 through 12, 14 and 16. By letter dated November 18, 2003, and in the manner contemplated by Local Rule 9(d)(3),

4

counsel for Olin placed plaintiff's counsel on notice of the specific nature of the shortcomings inherent in the preceding Discovery Responses, and requested that plaintiff remedy same by providing Olin with complete responses. (Exhibit 7 attached hereto). Plaintiff's counsel, however, has not responded in any manner to the November 18, 2003 letter. Olin requests, therefore, that the Court direct plaintiff to provide complete responses, without objection, to Interrogatories 7, 9 and 13, and Requests for Production 9 through 12, 14 and 16 and impose other appropriate sanctions.

### C.    **Plaintiff's objections to Olin's Discovery Requests are improper.**

Plaintiff has raised a variety of objections to Olin's Discovery Requests. These objections are set forth in a document plaintiff served with his Discovery Responses and are denoted "Cover Sheet to Objections to Defendant's Interrogatories and Requests for Production." (Exhibit 4 attached hereto). As an initial matter, plaintiff has improperly interposed "General Objections" to each and every one of Olin's Discovery Requests. As Olin expressed in its November 18, 2003 letter, plaintiff's General Objections do not comply with Rules 33 and 34 to the extent plaintiff does not state, with specificity, the reasons for his various objections as they pertain to each of Olin's Discovery Requests. As a result of plaintiff's transgression, it is not possible for Olin to discern which General Objection pertains to which Discovery Request or to otherwise assess the merit of each General Objection.

Furthermore, plaintiff, in General Objection 1, objects to Olin's discovery requests "to the extent they seek information which is protected from discovery by the attorney-client privilege, the work-product doctrine, and any other applicable privilege under the laws of Connecticut." (Exhibit 4 attached hereto). Plaintiffs General Objection, however, runs afoul of Rule 26(b)(5), which expressly provides:

> When a party withholds information otherwise discoverable . . . by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Moreover, plaintiff has failed to provide a privilege log in accordance with Local Rule 9, which describes the nature of the documents, communications, or things which he asserts are protected from disclosure. *See Eureka Financial Corporation v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179, 182 (E.D. Cal. 1991)("blanket objections" either in the form of a "general objection to an entire discovery document on the basis privilege" or the general assertion of a "privilege objection within an individual discovery response" are "decidedly improper"); and *Peat, Marwick, Mitchell & Company v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984), cert. denied, 469 U.S. 1199 (1985)(blanket, non-specific attorney-client and work product privilege objection insufficient and effects a waiver of the privilege).

Olin placed plaintiff on notice of the foregoing deficiencies with regard to his General Objections via its November 18, 2003 letter, and requested that plaintiff restate his General Objections in order to comply with the Federal and Local Rules, and in order to permit Olin to properly assess their merit. Plaintiff, however, has not responded in any fashion to Olin's letter; nor has he restated his General Objections. Accordingly, Olin requests that the Court overrule plaintiff's General Objections and direct plaintiff to provide Discovery Responses in accordance with Olin's Discovery Requests.

In addition to his General Objections, plaintiff has raised specific objections to certain of Olin's Discovery Requests. For instance, plaintiff has objected, and not responded, to Interrogatories 8 and 10, and Requests for Production 6, 7, 8, 13, 15, 17, 18, 21 and 24. (Exhibit 4 attached hereto). In response to plaintiff's specific objections, Olin, via its November 18, 2003

6

letter, and in the manner contemplated by Local Rule 9(d)(3), provided a verbatim listing of each

of the items of discovery sought, plaintiff's respective objections, and reasons why each item of

discovery should be allowed. (Exhibit 7 attached hereto). Plaintiff has not responded to Olin's

letter. Accordingly, Olin requests that the Court overrule plaintiff's specific objections and

direct plaintiff to provide complete responses, without objection, to Interrogatories 8 and 10, and

Requests for Production 6, 7, 8, 13, 15, 17, 18, 21 and 24 and impose other appropriate

sanctions.

## III.    CONCLUSION

For all of the foregoing reasons, and for the reasons articulated in Olin's November 18,

2003 letter to plaintiff's counsel attached hereto as Exhibit 7, Olin respectfully requests that the

Court grant its motion to compel and for sanctions and order plaintiff to (1) make Initial

Disclosures; (2) respond to the Discovery Requests in their entirety; and (3) pay Olin's costs and

attorneys' fees incurred by the bringing of this motion and impose other appropriate sanctions.

Olin further requests that the Court order that the deadline for completion of discovery be

extended by an additional 30 days, up to and including February 9, 2004, in order to permit the

Court to rule upon the instant motion, and to allow the parties to complete necessary discovery.

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP,

By:

Stephen B. Harris, ct13125
William J. Albinger, ct18861
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
Its Attorneys

8

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December, 2003, a copy of the foregoing has

been mailed, postage prepaid, to the following:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
P.O. Box 205
Naugatuck, CT 06770

Stephen B. Harris

\9754\40\441220.1

9

FILED

Jun 26  2 19 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------

CHRISTIE SUTHERLAND           :     CIVIL ACTION NO. 3:03CV0662(PCD)

    Plaintiff                 :

V.                            :

OLIN BRASS SOMERS THIN STRIP, :     JUNE 20, 2003
OLIN CORPORATION

    Defendant                 :

------------------------------------------------

### RULE 26(f) REPORT TO PARTIES' PLANNING MEETING

    Date Complaint Filed:          April 11, 2003

    Date Complaint Served:         April 23, 2003

    Date of Defendant's appearance:  May 13, 2003

    Pursuant to Fed. R. Civ. P. 16(B), 26(F) and D. Conn. L. Civ. R. 38, a

conference was held on June 3, 2003. The participants were:

    Leonard A. McDermott, Esq., for Plaintiff

    Stephen B. Harris, Esq., for Defendant

### I. CERTIFICATION

    Undersigned counsel certify that, after consultation with their clients, they

have discussed the nature and basis of the parties' claims and defenses and any

1

APPROVED & ADOPTED IN PART. Discovery is to be completed by 1/9/04; dispositive motions are to be filed on or before ___ compliant with Supplemental Order. All other deadlines as set forth in the Report are to be modified accordingly. SO ORDERED.

7/10/03

possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. *Subject Matter Jurisdiction*

The jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act, 42 U.S.C 12101 et seq, 28 U.S.C. §§ 1331 and 1343.

B. *Personal Jurisdiction*

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

A. *Claims of Plaintiff:*

1. Plaintiff in this action alleges a cause of action sounding in disability discrimination. Plaintiff was employed by Olin Brass Somers Thin Strip (Olin) from approximately June 13, 1990, to April 10, 2001, as a draftsman. At all times Plaintiff was a qualified individual with a known disability. In 1993, Plaintiff provided Defendant with a letter from his psychiatrist, and it was known that Plaintiff suffered from psychotic episodes which would cause him to miss work periodically. From March 30, 2001 to April 3, 2001, Plaintiff was absent from work due to an episode, and provided a letter from his

2

psychiatrist. On Friday, April 6, 2001, Plaintiff was still suffering from the effects of his disability, i.e. hearing voices, staring straight ahead, becoming mute and non-responsive. When Plaintiff finished work he sat in his car in the parking lot. He was eventually approached by security. He stared straight ahead, was mostly non-responsive, and did not leave when asked. Defendant eventually called the police and Plaintiff finally left without incident. When Plaintiff returned to work he was suspended for "disobeying an order." On April 10, 2001, Plaintiff was discharged from his job.

B.    *Defense and Claims* (counterclaims, third party claims, cross claims) of Defendants:

Plaintiff's employment was terminated for misconduct and performance related issues. All employment decisions relating to the Plaintiff were made for legitimate, non-discriminatory business reasons. Upon information and belief, Plaintiff is not a qualified individual with a disability. Plaintiff has failed to adequately mitigate his alleged damages.

C.    *Defense and Claims of Third Party Defendants*:

Not Applicable

**IV. STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the

3

following material facts are undisputed:

1. Plaintiff was employed by Defendant during all relevant times.

2. At all times relevant to this action, Tom Mueller was Plaintiff's supervisor.

3. On April 10, 2001, Karen Vollero sent Plaintiff a discharge letter terminating his employment with Defendant.

## V.  CASE MANAGEMENT PLAN

A. *Standing Order on Scheduling in Civil Cases*:

   The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. The parties request that the deadline to file this Report be extended to the date of the actual filing of this Report.

2. The parties request that the deadline to complete discovery be modified in accordance with section E.2, *infra*.

3. The parties request that the deadline to file motions for summary judgment be modified in accordance with F, *infra*.

B. *Scheduling Conference With the Court*

   The parties do not request a pretrial with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16 (B).

4

C. *Early Settlement Conference*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. If a settlement conference is required, the parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. *Joinder of Parties and Amendment of Pleadings*

1. Plaintiff should be allowed until August 30, 2003, to file motions to join additional parties and until August 30, 2003, to file motions to amend the pleadings.

2. Defendant does not intend to file motions to join additional parties, and should be allowed until September 30, 2003 to file a response to any amended Complaint.

E. *Discovery*

1. The parties anticipate that discovery will be needed on the following subjects:

    (a)   The facts and circumstances alleged by Plaintiff, along with the facts relating to the claims alleged in Plaintiff's Complaint.

    (b)   The extent of Plaintiff's alleged economic and non-economic damages.

5

    (c)    The causes of the damages alleged.

    (d)    The extent to which Plaintiff has mitigated his alleged damages.

    (e)    Whether Plaintiff is a qualified person with a disability.

    (f)    Plaintiff's medical/psychiatric history

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(B)(4), will be commenced immediately and completed (not propounded) by June 30, 2004.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of 5 depositions of fact witnesses and that the Defendant will require a total of 5 depositions of fact witnesses. The depositions will commence immediately, pursuant to court order, and be completed by June 30, 2004.

5. The parties will not request permission to serve more that twenty-five (25) interrogatories.

6. Plaintiff intends to call an expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(A)(2) by March 29, 2004. Depositions of any such experts will be completed by April 30, 2004.

7. Defendant reserves its right to call expert witnesses at trial. If so, Defendant will

designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(A)(2) by May 31, 2004. Depositions of such experts will be completed by June 30, 2004.

F. *Dispositive Motions*

Dispositive motions will be filed on or before 30 days after the discovery cutoff date.

G. *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 30 days after the Court's ruling on any dispositive motion, or two months after the discovery cutoff date, whichever is later.

**VI. TRIAL READINESS**

The case will be ready for trial by 30 days after the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

7

PLAINTIFF
CHRISTIE SUTHERLAND

BY *Leonard A. McDermott*

His Attorney
Leonard A. McDermott, Esq., ct#21996
Employee Advocates, LLC
35 Porter Avenue, 2B, P.O. Box 205
Naugatuck, CT  06770
P:  (203) 723-9610


DEFENDANT
OLIN BRASS SOMERS THIN STRIP,
OLIN CORPORATION


BY _____
Stephen B. Harris, Esq., ct#13125
Wiggin & Dana, LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402
P:  (860) 297-3732

8

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Rule 26(f) Report of

Parties' Planning Meeting was mailed this Friday, June 20, 2003, to:

DEFENDANT
OLIN BRASS SOMERS THIN STRIP,
OLIN CORPORATION

Stephen B. Harris, Esq.
Wiggin & Dana, LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402


Leonard A. McDermott

9

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTIE SUTHERLAND, | ) | |
|   Plaintiff, | ) | Civil No. 3:03 CV 0662 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| OLIN CORP. d/b/a OLIN BRASS | ) | |
| SOMERS THIN STRIP | ) | |
|   Defendant. | ) | August 13, 2003 |

### DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Olin Corporation, doing business as Olin Brass Somers Thin Strip ("Defendant") submits the following interrogatories to be answered within thirty (30) days of service.

### DEFINITIONS

As used herein:

1.　"Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.　"Conversation" means communication from one person to another including, but not limited to, any interview, conference, meeting or telephone discussion.

3.　"Documents" means, without limitation, the originals and all non-identical copies of the following items whether printed or recorded or reproduced by any mechanical process, or written or produced by hand, namely: correspondence, affidavits, communications, photographs, memoranda, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, graphs, reports, e-mails, notebooks, minutes or records of meetings,

minutes or records of conferences, expressions or statements of policy, lists of persons attending

meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of

investigations, records, reports and/or summaries of negotiations, drafts of any documents,

original or preliminary notes, marginal comments appearing on any documents and all other

writings and data compilations including any written or printed records, graphic matter,

photographic matter or sound reproductions, however produced or reproduced, in the possession,

custody or control of the plaintiff, his attorneys, agents, servants, or employees which are known

by the plaintiff to exist.

4.    "You," "Your," and "Plaintiff" refers to the plaintiff, Christie Sutherland.

5.    "Defendant" refers to the defendant, Olin Corporation, doing business as Olin

Brass Somers Thin Strip.

6.    "Identify" with respect to persons means to provide, to the extent known, the

person's full name, present or last known address, and when referring to a natural person,

additionally, the present or last known place of employment.  Once a person has been identified

in accordance with this subparagraph, only the name of that person need be listed in response to

subsequent discovery requesting identification of that person.

7.    "Identify" with respect to documents means to provide, to the extent known,

information about the (i) type of document; (ii) its general subject matter; (iii) the date of the

document; and (iv) author(s), addressee(s) and recipient(s).

8.    "Person" is defined as any natural person or any business, legal or governmental

entity or association.

9.    "Concerning" means relating to, referring to, describing, evidencing or

constituting.

2

10.    "Health Care Provider" means, without limitation, medical doctor, psychologist, psychiatrist, therapist, social worker, chiropractor, herbologist, pharmacist, osteopath, dentist or counselor.

11.    The following rules of construction apply to the following interrogatories:

(a)    *All/Each.* The terms "all" and "each" shall both be construed as all and each.

(b)    *And/Or.* The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(c)    *Number.* The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.    If a claim is made that any interrogatory calls for materials or information within the scope of the attorney-client privilege or prepared in anticipation of litigation or for trial, then, with respect to such material or information, describe specifically:  the document or communication claimed to be privileged, the date of the document or communication; the person to whom the document or communication was sent or made; the person from whom the document or communication was received; the present custodian of the document or communication, and respond in full with respect to other information or material called for by the interrogatory.

2.    These interrogatories are deemed to be continuing up to the time of trial in that supplementary answers must be supplied if additional or different information becomes known to the plaintiff or his attorneys.

3

3.    If the plaintiff objects to any interrogatory, he is to respond to that portion of it to which no objection has been made.

## INTERROGATORIES

1.    Identify each employer, company or person with whom you have made any formal or informal application for employment or work for hire since April 10, 2001.

**ANSWER:**

2.    For each employer, company or person identified in response to Interrogatory Number 1 above, please state: (a) a description of each attempt to obtain employment or work for hire you have made (e.g., searching or placing want ads, contacting placement agencies, submitting a resume, writing a letter); (b) the name of the person or persons with whom you had any oral or written contact; (c) the dates and nature of each such contact; (d) the position for which you applied; (e) whether, to your knowledge or information, the employer, company or person was seeking applications for any position for which you applied and the basis for your knowledge; (f) whether any response was made to your application and, if so, state what the response was; (g) whether you were offered any position with the employer, company or person; (h) whether you accepted any position and, if you did not, why you did not; (i) if you were not offered any position, state the reason you were not and the reason you were given why you were

4

not; and (j) please identify all documents which constitute, record or refer to any communications between that employer, company or person and yourself or anyone acting on your behalf.

**ANSWER:**

3.    Identify each employer, company or person with whom you have been employed since April 10, 2001.

**ANSWER:**

4.    For each employer, company or person identified in response to Interrogatory Number 3 above, please state:  the period during which you were or have been employed by that employer, company or person; the position or positions you held, and the dates during which you held those positions; the rate or rates of pay you received and the periods during which you

5

received pay at each of those rates; any other compensation or benefits you received and the periods during which you received that compensation or benefits; and identify all documents showing or referring to any payment to you by that employer, company or person.

**ANSWER:**

5.    If you are no longer employed by any employer, company or person identified in response to Interrogatory Number 3 above, state the date upon which your employment ended and the reasons for that occurrence as you understand them.

**ANSWER:**

6.    Please state:  your total earnings from any employment or employment-related activity, including self-employment, during the period of April 10, 2001 to present; and the

6

source or sources of such earnings; if more than one source, please specify the amount for each source and the dates during which it was received.

**ANSWER:**

      7.      Have you been unable, for any reason, to hold employment or do work for hire since April 10, 2001? If so, please state: the periods during which you were unable to hold employment or do work for hire and the reasons you were unable to.

**ANSWER:**

      8.      If, after April 10, 2001, there was any period during which you were not employed or working for hire and were not making any active attempt to obtain employment or work for hire, state the dates of such periods of time and the reason why you were not making any active attempt to look for work.

**ANSWER:**

7