9.    Please state: the nature of the damages you seek in this action; for each type of

damage, state the amount you seek and your method of computation for such damages; and in

providing the information responsive to this interrogatory please state the gross amount of such

damages and state the net amount of damages after taking into account any mitigation of

damages you have accomplished.  Please identify any documents concerning any damages you

claim.

**ANSWER:**

10.    If you maintain a file or any documents concerning your employment with and

termination from Defendant please identify each document.

**ANSWER:**

8

11.     Identify each person who you believe has information concerning your claims, including your claims of damages, and describe, as fully as possible, the information that you believe each such person has.

**ANSWER:**

12.     Identify by name, address and phone number each person you expect to call as an expert witness at trial and as to each person, set forth the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**ANSWER:**

13.    Identify by name, business address and business phone number each health care provider you have seen from June 1990 to the present, and for each such health care provider state:

(a)    The date(s) on which you consulted the health care provider; and

(b)    The reason(s) you consulted with the health care provider.

**ANSWER:**

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP,

By: _____

Stephen B. Harris, ct13125
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103-3402
Tel. (860) 297-3700
Fax (860) 525-9380
Its Attorney

10

## VERIFICATION

STATE OF CONNECTICUT)
                  : ss:                        _____, CT _____, 2003
COUNTY OF _____  )

      I, CHRISTIE SUTHERLAND, have read the foregoing answers to interrogatories and

believe them to be true and correct answers based on my own personal knowledge.

_____
Christie Sutherland

Subscribed and sworn to before
me this \_\_\_\_ day of _____,
2003.

_____
Notary Public/Commissioner of
the Superior Court

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, postage prepaid to

the following counsel of record on this 13th day of August, 2003:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
P.O. Box 205
Naugatuck, CT  06770

Stephen B. Harris

\9754\40\416110.1

12

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTIE SUTHERLAND,<br>    Plaintiff, | )<br>)<br>) | Civil No. 3:03 CV 0662 (PCD) |
| v. | )<br>)<br>) | |
| OLIN CORP. d/b/a OLIN BRASS<br>SOMERS THIN STRIP<br>    Defendant. | )<br>)<br>)<br>) | August 13, 2003 |

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Olin Corporation,

doing business as Olin Brass Somers Thin Strip ("Defendant") requests that plaintiff Christie

Sutherland produce for inspection and copying at the offices of Wiggin & Dana LLP, One

CityPlace, Hartford, Connecticut 06103-3402, the following documents within thirty (30) days of

service of this request.

### DEFINITIONS

As used herein:

1.    All terms defined in Local Rule 39 shall have the meanings therein described.

2.    "Documents" means, without limitation, the originals and all non-identical copies

of the following items whether printed or recorded or reproduced by any mechanical process, or

written or produced by hand, namely:  correspondence, affidavits, communications, telegrams,

photographs, memoranda, summaries or records of personal conversations or interviews, diaries,

forecasts, statistical statements, graphs, reports, e-mails, notebooks, minutes or records of

meetings, minutes or records of conferences, expressions or statements of policy, lists of persons

attending meetings or conferences, reports and/or summaries of interviews, reports and/or

summaries of investigations, records, reports and/or summaries of negotiations, drafts of any

documents, original or preliminary notes, marginal comments appearing on any documents and

all other writings and data compilations including any written or printed records, graphic matter,

photographic matter or sound reproductions, however produced or reproduced, in the possession,

custody or control of plaintiff, his attorneys, agents, servants, or employees which are known by

the plaintiff to exist.

3.      "Conversation" means communication from one person to another including, but

not limited to, any interview, conference, meeting or telephone discussion.

4.      "Health Care Provider" means, without limitation, medical doctor, psychologist,

psychiatrist, therapist, social worker, chiropractor, herbologist, pharmacist, osteopath, dentist or

counselor.

5.      "You," "Your," and "Plaintiff" refers to the plaintiff, Christie Sutherland.

6.      "Defendant" refers to the defendant, Olin Corporation, doing business as Olin

Brass Somers Thin Strip.

## INSTRUCTIONS

1.      If a claim is made that any request for production calls for materials or

information within the scope of the attorney-client privilege or prepared in anticipation of

litigation or for trial, then, with respect to such material or information, describe specifically:  the

document or communication claimed to be privileged, the date of the document or

communication; the person to whom the document or communication was sent or made; the

person from whom the document or communication was received; the present custodian of the

- 2 -

document or communication; and, respond in full with respect to other information or material called for by the request for production.

2.      These requests for production are deemed to be continuing up to the time of trial in that supplementary answers must be supplied if additional or different information becomes known to the plaintiff or his attorneys.

3.      Please indicate which documents are responsive to which requests.

4.      If the plaintiff objects to any request for production he is to respond to that portion of it to which no objection has been made.

## REQUESTS

1.      Any and all documents prepared by Arvind Shah, M.D. concerning Plaintiff.

2.      Any and all documents concerning Plaintiff's diagnosis of paranoid schizophrenia, as alleged in Paragraph 8 of the Complaint.

3.      Any and all documents concerning Plaintiff's limitations caused by his condition of paranoid schizophrenia, as alleged in Paragraph 8 of the Complaint.

4.      Any and all documents concerning Plaintiff's "psychotic episodes," as alleged in Paragraph 9 of the Complaint.

5.      Any and all documents concerning medications prescribed for Plaintiff in order to control his paranoid schizophrenia and which describe the effect of medications upon Plaintiff's condition, as alleged in Paragraph 10 of the Complaint.

6.      Any and all documents concerning Tom Mueller's knowledge of Plaintiff's condition and "short-term psychotic episodes," as alleged in Paragraph 12 of the Complaint.

7.      Any and all documents concerning Plaintiff's absences from work.

8.    Any and all documents concerning the events of April 4, 2001 and Plaintiff's conversations and/or meetings with Tom Mueller and Karen Vollero, as alleged in Paragraphs 14 and 15 of the Complaint.

9.    Any and all documents concerning the events of April 6, 2001 and any conversations between Plaintiff, Tom Mueller, Mike McCusker, Mike DeVivo, and Waterbury Police Officers, as alleged in Paragraphs 16 through 25.

10.    Any and all documents concerning the events of April 9, 2001 and any conversations between Plaintiff and Mike DeVivo, as alleged in Paragraphs 26 through 29 of the Complaint.

11.    Any and all documents concerning Plaintiff's contention that Defendant discriminated against him "based on an episode caused by his known, well documented disability and/or performance issue related to his disability," as alleged in Paragraph 31 of the Complaint.

12.    Any and all documents concerning Plaintiff's contention that Defendant breached its duty to accommodate Plaintiff's disability, as alleged in Paragraph 32 of the Complaint.

13.    Any and all documents concerning Plaintiff's contention that he did not pose a direct threat to his own safety or to the safety of Defendant's employees or property, as alleged in Paragraph 33 of the Complaint.

14.    Any and all documents concerning Plaintiff's contention that he has suffered lost wages, benefits, and severe emotional distress on account of Defendant's discriminatory actions, as alleged in Paragraph 34 of the Complaint.

15.    Any and all documents, not already produced, concerning Plaintiff's job duties and responsibilities as a draftsman for Defendant.

- 4 -

16.    Any and all documents, not already produced, including, but not limited to, contemporaneous notes, diaries, summaries and recordings of any kind that concern any conversation, meeting or communication between Plaintiff and any current or former employee of Defendant.

17.    Any and all written correspondence sent to or received from any federal, state or local agency concerning the claims and allegations in the Complaint.

18.    Any and all documents concerning any search for employment by Plaintiff since April 10, 2001.

19.    Any and all documents concerning jobs held by Plaintiff or other work Plaintiff has done for hire subsequent to April 10, 2001.

20.    Any and all of Plaintiff's medical and psychological records for the period June 1990 to the present.

21.    For each health care provider with whom Plaintiff has consulted for the period June 1990 to the present, please complete, sign and produce an Authorization to Release Medical Information in the form attached hereto as Exhibit A.

22.    For each job held by Plaintiff from April 10, 2001 to the present, please complete, sign and produce an Authorization for Release of Personnel File Information, in the form attached hereto as Exhibit B.

23.    Any and all documents evidencing Plaintiff's income including, but not limited to, complete copies of federal and state income tax returns and amendments thereto, financial affidavits and audits from April 10, 2001 to the present.

24.    Any and all documents not previously produced, that are within Plaintiff's control or custody and which concern any claim or defense in the above-referenced action.

- 5 -

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP,

By: _____

Stephen A. Harris, ct13125
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103-3402
Tel. (860) 297-3700
Fax (860) 525-9380
Its Attorney

- 6 -

## Authorization to Use and Disclose Health Information

Name of Patient/Individual:   Christie Sutherland     Date of Birth: December 25, 1950
Social Security Number: 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

**I authorize the use or disclosure of my health information, as described below.**

**Description of health information that may be used and/or disclosed**:
(Check only one):

☒ My entire medical record; or
☐ The following limited health information (describe):

_____
_____
_____

I understand that this health information may include HIV-related information and/or information relating to diagnosis or treatment of psychiatric disabilities and/or substance abuse and that by signing this form, I am authorizing such information to be disclosed.

**Check and complete one or both of the following:**

☐ I authorize _____("Medical Provider") to disclose the information described above to:  Wiggin & Dana LLP, One Century Tower, P.O. Box 1832, New Haven, CT  06508-1832, and I authorize that person or organization to use the information for the following purpose: in connection with a lawsuit brought by me entitled <u>Christie Sutherland v. Olin Corporation d/b/a Olin Brass Somers Thin Strip.</u>, Docket Number 3:03 CV 0662 (PCD), which is pending in the United States District Court for the District of Connecticut.

☒ I authorize Wiggin & Dana LLP to request the information described above from _____ (Medical Provider) and to use the information described above for the following purpose: in connection with a lawsuit brought by me entitled <u>Christie Sutherland v. Olin Corporation d/b/a Olin Brass Somers Thin Strip</u>, Docket Number 3:03 CV 0662 (PCD), which is pending in the United States District Court for the District of Connecticut.

**Expiration:**
This Authorization will expire on the following date or upon the occurrence of the following event:  January 9, 2004.  If both a date and an event are provided, the Authorization will expire on whichever occurs later.

I understand that, if the recipient of the information is not a health care provider or health plan covered by the federal Privacy Rule, the information used or disclosed as described above may be redisclosed by the recipient and no longer protected by the Privacy Rule. However, other state or federal law may prohibit the recipient from disclosing specially protected information, such as substance abuse treatment information, HIV/AIDS-related information, and psychiatric/mental health information.

I understand that I may revoke this Authorization in writing at any time to the extent that it has not already been relied upon by Medical Provider.

I understand that my refusal to sign this Authorization will not jeopardize my right to obtain present or future treatment for psychiatric disabilities except where disclosure of the information is necessary for the treatment.

**By signing below, I acknowledge that I have read and understand this Authorization form.**

_____          _____
Signature of Patient or Patient's                        Date
Authorized Representative

If signed by the Patient's Representative, please print name and describe relationship to patient or other authority to act:

_____          _____
Name                                                              Relationship to Patient

\9754\40\418132.1

## AUTHORIZATION FOR RELEASE OF
## PERSONNEL FILE INFORMATION

TO: _____

_____

_____

Date: _____

Re:    Christie Sutherland

Social Security No. 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

Pursuant to Connecticut General Statutes Section 31-128f, I hereby authorize and direct you to furnish to Wiggin & Dana LLP, or their representative, any and all information regarding my employment, including but not limited to the wages, salary, benefits, or other payments received, as well as any medical information and, if applicable, the reasons for the termination of employment.

A photostatic or other copy of this Authorization shall be as valid as the original.

_____
Christie Sutherland

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, postage prepaid to the following counsel of record on this 13th day of August, 2003:

> Leonard A. McDermott, Esq.
> Employee Advocates, LLC
> 35 Porter Avenue, 2B
> P.O. Box 205
> Naugatuck, CT  06770

Stephen B. Harris

\9754\40\416122.1

- 9 -

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTIE SUTHERLAND )<br> Plaintiff, )<br> )<br>v. )<br> )<br>OLIN CORP. d/b/a OLIN BRASS )<br>SOMERS THIN STRIP )<br> Defendant. ) | Civil No. 3:03 CV 0662 (PCD)<br><br><br><br>August 13, 2003 |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the defendant, Olin Corporation, doing business as Olin Brass Somers Thin Strip

("Defendant"), will take the deposition of the plaintiff, Christie Sutherland, on Wednesday,

September 24, 2003, beginning at 10:00 a.m. at the offices of defendant's attorneys, Wiggin &

Dana, One Century Tower, New Haven, Connecticut, 06508-1832

The deposition will be taken under oath, recorded by a stenographer, and will continue

from day to day until completed. You are invited to attend and cross-examine.

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP,

By:

Stephen B. Harris, ct13125
Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103-3402
Tel. (860) 297-3700
Fax (860) 525-9380
Its Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, postage prepaid to the following counsel of record on this 13th day of August, 2003:

> Leonard A. McDermott, Esq.
> Employee Advocates, LLC
> 35 Porter Avenue, 2B
> P.O. Box 205
> Naugatuck, CT  06770

Stephen B. Harris

cc:    Brandon Smith Reporting Service, LLC
       11 Capitol Avenue
       Hartford, CT  06106

\9754\40\417996.1

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------

CHRISTIE SUTHERLAND            :       CIVIL ACTION NO. 3:03 CV 0662 (PCD)

      Plaintiff                     :

V.                             :

OLIN CORP. d/b/a OLIN BRASS    :
SUMMERS THIN STRIP                     OCTOBER 10, 2003

                  :

      Defendant

----------------------------------------------

### COVER SHEET OF OBJECTIONS
### TO DEFENDANT'S
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

      Plaintiff, Christie Sutherland, pursuant to Practice Book Sections 13-8 & 13-10(b) has filed 7 general objections and has filed 11 individual objections to Defendant's interrogatories and document requests, dated August 13, 2003, as follows:

Interrogatories 1 through 13, and requests for production 1 through 24, as stated in detail below.

**GENERAL OBJECTIONS:**

1. Plaintiff objects to the interrogatories and production requests to the extent they seek information which is protected from discovery under the attorney-client privilege, the

1

work-product doctrine, and any other applicable privilege under the laws of Connecticut.

2. Plaintiff objects to the interrogatories and production requests to the extent they seek information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the interrogatories and production requests to the extent they are overly broad, vague, oppressive, unduly burdensome or that responding to them would subject Plaintiff to undue burden and expense, or would require Plaintiff to perform an unreasonable amount of investigation.

4. Plaintiff objects to the interrogatories and production requests to the extent they are duplicative or call for the production of documents or information already provided to Defendant, which are in Defendant's possession and control, and equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

5. Plaintiff objects to the interrogatories and production requests to the extent they purport to obligate Plaintiff to produce materials in the custody or control of third-parties. Plaintiff will produce only that which is in its possession and control.

6. Plaintiff objects to the interrogatories and production requests to the extent any definitions, instructions or demands contained therein attempt to alter plain meaning or

2

understanding of any item or attempt to impose obligations on Plaintiff that are inconsistent with and/or in addition to those required under the Practice Book.

7. Plaintiff hereby specifically incorporates each of the foregoing general objections into each and every response to the interrogatories and production requests.

## INTERROGATORIES

Subject to and without waiving the foregoing general and particular objections:

1. (Int. # 8) If, after April 10, 2001, there was any period during which you were not employed or working for hire, state the dates of such periods of time and the reason why you were not making any active attempt to look for work.

**OBJECTION**: Plaintiff objects to Interrogatory No. 8, because it is overly broad, vague, oppressive and seeks information that is already contained in an administrative record, which is in Defendant's possession, and equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

2. (Int. #10) If you maintain a file or any documents concerning your employment with and termination from the defendant, please identify each document.

**OBJECTION**: Plaintiff objects to Interrogatory No. 10, because it is duplicative or calls for the production of documents or information, which are in the Defendant's possession and control, or which cannot be provided by Plaintiff with substantially

3

greater facility than Defendant.

**DOCUMENT REQUESTS**

Subject to and without waiving the foregoing general and particular objections:

1. (Request #6)  Any and all documents concerning Tom Mueller's knowledge of Plaintiff's condition and "short-term psychotic episodes," as alleged in Paragraph 12 of the Complaint.

**OBJECTION**:  Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

2. (Request # 7)  Any and all documents concerning Plaintiff's absences from work.

**OBJECTION**: Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

3. (Request # 8)  Any and all documents concerning the events of April 4, 2001, and Plaintiff's conversations and/or meeting with Tom Mueller and Karen Vollero, as

4

alleged in Paragraph 14 and 15 of the Complaint.

**OBJECTION**: Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

4. (Request #13)  Any and all documents concerning Plaintiff's contention that he did not pose a direct threat to his own safety or to the safety of Defendant's employees or property, as alleged in Paragraph 33 of the Complaint.

**OBJECTION**: Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

5.  (Request # 15)  Any and all documents, not already produced, concerning Plaintiff's job duties and responsibilities as a draftsman for Defendant.

**OBJECTION**: Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to

Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

6. (Request # 17) Any and all written correspondence sent to or received from any federal, state or local agency concerning the claims and allegations in the Complaint.

**OBJECTION**: Plaintiff objects to this production request to the extent it is duplicative or calls for the production of documents or information already provided to Defendant and which are in Defendant's possession and control, are equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

7. (Request # 18) Any and all documents concerning any search for employment by Plaintiff since April 10, 2001.

**OBJECTION**:  Plaintiff objects to this production request to the extent that it is overly broad, vague, oppressive, unduly burdensome, or that responding to it would subject Plaintiff to perform and unreasonable amount of investigation.

8. (Request # 21)  For each health care provider with whom Plaintiff has consulted for the period of June, 1990, to the present, please complete, sign and produce an Authorization to Release Medical Information in the form attached hereto as Exhibit A.

**OBJECTION**:  Plaintiff objects to this production request and asserts his privacy rights under state and federal laws.  However, Plaintiff is seeking his complete medical

6

record and will submit all relevant information as soon as it is received.

9. (Request # 24)  Any and all documents not previously produced, that are within

Plaintiff's control or custody and which concern any claim or defense in the above-

referenced action.

**OBJECTION**:  Plaintiff objects to this production request to the extent that it is

overly broad, vague, oppressive, unduly burdensome, or that responding to it would

subject Plaintiff to perform and unreasonable amount of investigation.


BY _____
      Leonard A. McDermott (ct 21996)
      Employee Advocates, LLC
      35 Porter Ave., 2B, P.O. Box 205
      Naugatuck, CT  06770
      Phone:  (203) 723-9610

7

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Cover Sheet of Objections to Defendant's Interrogatories and Requests for Production, was mailed, postage prepaid, this 10th day of October, 2003, to:

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP

Stephen B. Harris, Esq.
Wiggin & Dana, LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402

Leonard A. McDermott

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------

| | |
|---|---|
| CHRISTIE SUTHERLAND | :    CIVIL ACTION NO. 3:03 CV 0662 (PCD) |
|     Plaintiff | : |
| V. | : |
| OLIN CORP. d/b/a OLIN BRASS | : |
| SOMERS THIN STRIP |    OCTOBER 10, 2003 |
| | : |
|     Defendant | |

------------------------------------------------

### PLAINTIFF'S RESPONSE TO DEFENDANTS'

### FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Olin

Corporation, doing business as Olin Brass Somers Thin Strip ("Defendant") submits the

following interrogatories to be answered within thirty (30) days of service. Plaintiff

responds to said Interrogatories, to the best of his knowledge and belief, as follows:

### INTERROGATORIES

1. Identify each employer, company or person with whom you have made any formal or

informal application for employment or work for hire since April 10, 2001.

**ANSWER:** Plaintiff is compiling this information and will send this under separate

cover as soon as possible.

1