2. For each employer, company or person identified in response to Interrogatory 1 above, please state: (a) a description of each attempt to obtain employment or work for hire that you have made (e.g., searching or placing want ads, contacting placement agencies, submitting a resume, writing a letter); (b) the name of the person or persons with whom you had any oral or written contact; (c) the dates and nature of each such contact; (d) the position for which you applied; (e) whether, to your knowledge or information, the employer, company or person was seeking applicants for any position for which you applied and the basis for your knowledge; (f) whether any response was made to your application and, if so, state what the response was; (g) whether you were offered any position with the employer, company or person; (h) whether you accepted any position and, if you did not, why you did not; (i) if you were not offered any position, state the reason you were not and the reason you were given why you were not; and (j) please identify all documents which constitute, record or refer to any communications between that employer, company or person and yourself or anyone acting on your behalf.

**ANSWER:** Please see response to Interrogatory No. 1. This information will be sent under separate cover as soon as possible.

3. Identify each employer, company or person with whom you have been employed since April 10, 2001.

**ANSWER:** Not applicable. Plaintiff has not been employed from April 10, 2001 to date.

2

4. For each employer, company or person identified in response to Interrogatory Number 3 above, please state: the period during which you were or have been employed by that employer, company or person; the position or positions you held and the dates during which you held those positions; the rate or rates of pay you received and the periods during which you received pay at each of those rates; any other compensation or benefits you received and the periods during which you received that compensation or benefits; and identify all documents showing or referring to any payment made to you by the employer, company or person.

**ANSWER:** Not applicable. See response to Interrogatory No. 4.

5. If you are no longer employed by any employer, company or person identified in response to Interrogatory Number 3 above, state the date upon which your employment ended and the reasons for that occurrence as you understand them.

**ANSWER:** Not applicable. See response to Interrogatory No. 4.

6. Please state the following: your total earnings from any employment or employment-related activity, including self-employment, during the period of April 10, 2001, to present; and the source or sources of such earnings. If there is more than one source, please specify the amount for each source and the dates during which it was received.

**ANSWER:** Not applicable. See response to Interrogatory No. 4.

7. Have you been unable, for any reason, to hold employment or do work for hire since

3

April 10, 2001? If so, please state the following: the periods during which you were unable to hold employment or do work for hire and the reasons you were unable to.

**ANSWER:** Plaintiff was unemployed on April 10, 2001, and began disability retirement on approximately September 30, 2001. During the interim period, Plaintiff was suffering from severe emotional distress and exacerbated psychotic episodes, although he periodically sought employment. He applied for, and received Disability Retirement.

8. If, after April 10, 2001, there was any period during which you were not employed or working for hire, state the dates of such periods of time and the reason why you were not making any active attempt to look for work.

**OBJECTION**: See Objections, attached.

9. Please state the following: the nature of the damages you seek in this action; for each type of damage, state the amount you seek and your method of computation for such damages; and in providing the information responsive to this interrogatory please state the gross amount of such damages, and state the net amount of damages after taking into account any mitigation of damages you have accomplished. Please identify any documents concerning any damages you claim.

**ANSWER:** Plaintiff is ascertaining damages and will provide a detailed response after receiving discovery requests from the Defendant.

10. If you maintain a file or any documents concerning your employment with and

4

termination from the defendant, please identify each document.

**OBJECTION**: See Objections, attached.

11.  Identify each person who you believe has information concerning your claims, including your claims of damages, and describe as fully as possible the information that you believe each such person has.

**ANSWER:**  1) Arvind T. Shah, M.D., 417 Highland Ave., Waterbury, CT  06708

     (Medical Disability Information; emotional damages).

    2) Debbie Gugliemetty, Secretary, Olin Brass Somers Thin Strip, Waterbury

     CT. (Information on Plaintiff's known or perceived disability)

12.  Identify by name, address and phone number, each person you expect to call as an expert witness at trial, and as to each person, set forth the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**ANSWER:**  Plaintiff plans to call Arvin T. Shah, M.D., 417 Highland Avenue, Waterbury, CT  06708.  Plaintiff will submit its expert report as soon as it is available, within the Discovery period, as ordered by this Court.

13.  Identify by name, business address and business phone number of each health care provider you have seen from June, 1990, to the present, and for each such health care provider state the following:

   (a)  The date(s) on which you consulted the health care provider; and

5

      (b) The reason(s) you consulted with the health care provider.

**ANSWER:** 1) PCP: Dr. Alexander Alverez, Greater Waterbury Primary Care, Pond Place Medical Center, 166 Waterbury Road, Prospect, CT 06712, (203) 758-0878.

2) Dr. Regina Hillsman, MD, PC, Orthopedic Surgeon, 1183 New Haven Road, Naugatuck, CT 06770, (203) 729-6335.

PLAINTIFF

CHRISTIE SUTHERLAND

BY _Leonard A. McDermott_
Leonard A. McDermott (ct 21996)
His Attorney
Employee Advocates, LLC
35 Porter Ave., 2B, P.O. Box 205
Naugatuck, CT 06770
Phone: (203) 723-9610

6

## VERIFICATION

STATE OF CONNECTICUT)
                : ss: _Naugatuck_, CT _10/10_, 2003
COUNTY OF _New Haven_ )

      I, CHRISTIE SUTHERLAND, have read the foregoing answers to

interrogatories and believe them to be true and correct answers based on my own personal

knowledge.

                                     _Christie Sutherland_
                                     Christie Sutherland

Subscribed and sworn before
me this _10th_ day of _October_
2003.

_Leonard P McDermott_
Notary Public/Commissioner of
the Superior Court

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Plaintiff's Response to

Defendants' First Set of Interrogatories, was mailed this Friday, October 10, 2003, via

U.S. Mail, postage prepaid, to:

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP

Stephen B. Harris, Esq.
Wiggin & Dana, LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402

Leonard A. McDermott

8

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------

CHRISTIE SUTHERLAND          :     CIVIL ACTION NO. 3:03 CV 0662 (PCD)

    Plaintiff          :

V.          :

OLIN CORP. d/b/a OLIN BRASS     :
SUMMERS THIN STRIP                 OCTOBER 10, 2003

                :

    Defendant

------------------------------------------------

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Olin

Corporation, doing business as Olin Brass Somers Thin Strip ("Defendant") requests that

plaintiff Christie Sutherland produce for inspection and copying at the offices of Wiggin

& Dana LLP, One City Place, Hartford, CT 06103-3402, the following documents within

thirty (30) days of service of this request.  Plaintiff responds to said request for production

of documents, to the best of his knowledge and belief, as follows:

### REQUESTS

1.   Any and all documents prepared by Arvind Shah, M.D., concerning Plaintiff.

**RESPONSE:**  Plaintiff is submitting documents believed not to be in Defendant's

1

possession.  Plaintiff will submit all relevant medical information as soon as it is received.

2.  Any and all documents concerning Plaintiff's diagnosis of paranoid schizophrenia, as alleged in Paragraph 8 of the Complaint.

**RESPONSE**:  See response to Request No. 1.

3.  Any and all documents concerning Plaintiff's limitations caused by his condition of paranoid schizophrenia, as alleged in Paragraph 8 of the Complaint.

**RESPONSE**:  See response to Request No. 1.

4.  Any and all documents concerning Plaintiff's "psychotic episodes," as alleged in Paragraph 9 of the Complaint.

**RESPONSE**:  See response to Request No. 1.

5.  Any and all documents concerning medications prescribed to Plaintiff in order to control his paranoid schizophrenia, and which describe the effect of medications upon Plaintiff's condition, as alleged in Paragraph 10 of the Complaint.

**RESPONSE**:  See response to Request No. 1.

6.  Any and all documents concerning Tome Mueller's knowledge of Plaintiff's condition and "short-term psychotic episodes," as alleged in Paragraph 12 of the Complaint.

**OBJECTION**:  See Objections, attached.

7.  Any and all documents concerning Plaintiff's absences from work.

2

**OBJECTION**:  See Objections, attached.

8.  Any and all documents concerning the events of April 4, 2001, and Plaintiff's

conversations and/or meetings with Tom Mueller and Karen Vollero, as alleged in

Paragraph 14 and 15 of the Complaint.

**OBJECTION**:  See Objections, attached.

9.  Any and all documents concerning the events of April 6, 2001, and any conversations

between Plaintiff, Tom Mueller, Mike McCusker, Mike DeVivo, and Waterbury Police

Officers, as alleged in Paragraph 16 through 25 of the Complaint.

**RESPONSE**:  Plaintiff is reviewing all information submitted to the CHRO and Labor

Department regarding events leading to Plaintiff's termination.  This information is also

in the possession of the Defendant.  Plaintiff will supplement information when and if

this becomes available.

10.  Any and all documents concerning the events of April 9, 2001, and any conversations

between Plaintiff and Mike DeVivo, as alleged in Paragraphs 26 through 29 of the

Complaint.

**RESPONSE**:  Plaintiff is reviewing all information submitted to the CHRO and Labor

Department regarding events leading to Plaintiff's termination.  This information is also

in the possession of the Defendant.  Plaintiff will supplement information when and if

this becomes available.

3

11. Any and all documents concerning Plaintiff's contention that Defendant discriminated against him "based on an episode caused by his known, well documented disability and/or performance issue related to his disability," as alleged in Paragraph 31 of the Complaint.

**RESPONSE**:  Plaintiff is reviewing all information submitted to the CHRO and Labor Department regarding events leading to Plaintiff's termination.  This information is also in the possession of the Defendant.  Plaintiff will supplement information when and if this becomes available.  Also, see Response to Request No. 1.

12. Any and all documents concerning Plaintiff's contention that Defendant breached its duty to accommodate Plaintiff's disability, as alleged in Paragraph 32 of the Complaint.

**RESPONSE**:  Plaintiff is reviewing all information submitted to the CHRO and Labor Department regarding events leading to Plaintiff's termination.  This information is also in the possession of the Defendant.  Plaintiff will supplement information when and if this becomes available.  Also, see Response to Request No. 1.

13. Any and all documents concerning Plaintiff's contention that he did not pose a direct threat to his own safety or to the safety of Defendant's employees or property, as alleged in Paragraph 33 of the Complaint.

**OBJECTION**:  See Objections, attached.

14. Any and all documents concerning Plaintiff's contention that he has suffered lost

4

wages, benefits, and sever emotional distress on account of the Defendant's

discriminatory actions, as alleged in Paragraph 34 of the Complaint.

**RESPONSE**:  Plaintiff is compiling a damage statement and will submit this information

after Defendant supplies all payroll information.

15.  Any and all documents, not already produced, concerning Plaintiff's job duties and

responsibilities as a draftsman for Defendant.

**OBJECTION**:  See Objections, attached.

16.  Any and all documents, not already produced, including, but not limited to,

contemporaneous notes, diaries, summaries and recordings of any kind that concern any

conversation, meeting or communication between Plaintiff and current or former

employee of Defendant.

**RESPONSE**:  This information does not exists to the best of Plaintiff's information and

belief, with the exception of CHRO and Labor Department documentation which are in

Defendant's possession.

17.  Any and all written correspondence sent to or received from any federal, state or

local agency concerning the claims and allegations in the Complaint.

**OBJECTION**:  See Objections, attached.

18.  Any and all documents concerning any search for employment by Plaintiff since

April 10, 2001.

5

**OBJECTION**: See Objections, attached.

19. Any and all documents concerning jobs held by Plaintiff or other work Plaintiff has done for hire subsequent to April 10, 2001.

**RESPONSE**: Not applicable. Plaintiff has not been employed since April 10, 2001.

20. Any and all of Plaintiff's medical and psychological records for the period of June, 1990, to the present.

**RESPONSE**: This information will be supplied to Defendant as soon as Plaintiff receives a complete record of treatment from his doctors.

21. For each health care provider with whom Plaintiff has consulted fro the period of June, 1990 to the present, please complete, sign and produce an Authorization to Release Medical Information in the form attached hereto as Exhibit A.

**OBJECTION**: See Objections, attached.

22. For each job held by Plaintiff from April 10, 2001, to the present, please complete, sign and produce and Authorization for Release of Personnel File Information, in the form attached hereto as Exhibit B.

**RESPONSE**: Not applicable. See Response to Request No. 19.

23. Any and all documents evidencing Plaintiff's income, including, but not limited to, complete copies of federal and state income tax returns and amendments thereto, financial affidavits and audits from April 10, 2001, to the present.

6

**RESPONSE**:  Plaintiff is searching for this information and will submit state and federal income tax returns under separate cover.

24.  Any and all documents not previously produced, that are within Plaintiff's control or custody and which concern any claim or defense in the above-referenced action.

**OBJECTION**:  See Objection, attached.


BY _Leonard A McDermott_
Leonard A. McDermott (ct 21996)
Employee Advocates, LLC
35 Porter Ave., 2B, P.O. Box 205
Naugatuck, CT  06770
Phone:  (203) 723-9610

7

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Response to

Defendant's First Request for Production of Documents, was mailed, postage prepaid,

this 10th day of October, 2003, to:

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP

Stephen B. Harris, Esq.
Wiggin & Dana, LLP
One City Place
185 Asylum Street
Hartford, CT  06103-3402

_Leonard A. McDermott_
Leonard A. McDermott

8

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTIE SUTHERLAND | ) | |
|   Plaintiff, | ) | Civil No. 3:03 CV 0662 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| OLIN CORP. d/b/a OLIN BRASS | ) | |
| SOMERS THIN STRIP | ) | |
|   Defendant. | ) | October 20, 2003 |
| | ) | |

## RENOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the defendant, Olin Corporation, doing business as Olin Brass Somers Thin Strip

("Defendant"), will take the deposition of the plaintiff, Christie Sutherland, on Wednesday,

November 12, 2003, beginning at 10:00 a.m. at the offices of defendant's attorneys, Wiggin &

Dana LLP, One Century Tower, New Haven, Connecticut, 06508-1832.

The deposition will be taken under oath, recorded by a stenographer, and will continue

from day to day until completed.  You are invited to attend and cross-examine.

DEFENDANT
OLIN CORP. d/b/a OLIN BRASS
SOMERS THIN STRIP,

By:

Stephen B. Harris, ct13125
Wiggin & Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06510-7001
203.498.4400
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via U.S. Mail, postage prepaid to the following counsel of record on this 20th day of October, 2003:

> Leonard A. McDermott, Esq.
> Employee Advocates, LLC
> 35 Porter Avenue, 2B
> P.O. Box 205
> Naugatuck, CT  06770

Stephen B. Harris

cc:    Brandon Smith Reporting Service, LLC
       11 Capitol Avenue
       Hartford, CT  06106

\9754\40\417996.2

2

**Wiggin & Dana**    Counsellors at Law    Wiggin & Dana LLP    Stephen B. Harris
One Century Tower    203.498.4304
P.O. Box 1832    203.782.2889 fax
New Haven, Connecticut    sharris@wiggin.com
06508-1832
www.wiggin.com

VIA FACSIMILE

November 11, 2003

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
P.O. Box 205
Naugatuck, CT 06770

Re:    <u>Christie Sutherland v. Olin Corporation d/b/a Olin Brass Somers Thin Strip</u>
Civil Action No. 3:03 CV 0662 (PCD)

Dear Attorney McDermott:

As I mentioned in the voicemail message I left with your office earlier this afternoon, the deposition of Mr. Sutherland that was scheduled to occur tomorrow, November 12, 2003, will have to be rescheduled. In the responses to our request for production and interrogatories, which we finally received last month, there were many requests where it was indicated that additional information would be forthcoming. As of today, we have received nothing further, and can neither fully examine the plaintiff concerning the issues presented in this case, nor fully evaluate the numerous objections interposed to our discovery demands until that additional information is received.

Please contact me as soon as possible so we can address these issues and complete necessary discovery within the limited time frame approved by the court.

On a related note, I received today in the mail the plaintiff's first set of interrogatories and first requests for production of documents. I am forwarding them to my client and will contact you shortly to discuss our time table for response.

Very truly yours,

Stephen B. Harris

SBH:jbc
cc:    Ms. Karen Vollero
\9754\40\433977.1

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            0875
CONNECTION TEL                  97231032
CONNECTION ID
ST. TIME           11/11 14:45
USAGE T            00'48
PGS. SENT          2
RESULT             OK
```

# Wiggin & Dana

Counsellors at Law

Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, Connecticut
06103-3402

Telephone
860.297.3700
Telefax
860.525.9380
www.wiggin.com

## TELEFAX TRANSMITTAL

This message is intended
for the use of the individ-
ual or entity to which
it is addressed and may
contain information that
is privileged, confidential
and exempt from disclo-
sure. If the reader of
this message is not the
intended recipient or
an employee or agent
responsible for delivering
the message to the
intended recipient, you are
hereby notified that any
dissemination, distri-
bution, or copying of this
message is strictly pro-
hibited. If you have
received this communi-
cation in error please
notify us immediately
by telephone and return
the original message to
us by mail. Thank you.

Date:

November 11, 2003

To / Company / Telefax:

**Leonard A. McDermott**
**Employee Advocates, LLC / 723.1032**

From:

Stephen B. Harris

Telephone / Email:

498-4304 / sharris@wiggin.com

Client / matter code:

9754/40

Please copy:

We will copy:

Special Instructions:

**Wiggin & Dana**

Counsellors at Law

Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Stephen B. Harris
203.498.4304
203.782.2889 fax
sharris@wiggin.com

VIA FAX AND U.S. MAIL

November 18, 2003

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
P.O. Box 205
Naugatuck, CT 06770

Re:    <u>Christie Sutherland v. Olin Corporation d/b/a Olin Brass Somers Thin Strip</u>
       USDC Civil Action No. 3:03CV0662 (PCD)

Dear Attorney McDermott:

We have had an opportunity to review plaintiff's responses and objections to
defendant's First Set of Interrogatories and Requests for Production and find
them grossly inadequate and deficient as set forth below:

<u>General Objections</u>

Plaintiff's "General Objections" do not comply with Federal Rules of Civil
Procedure ("FRCP") 33 and 34 inasmuch as plaintiff has not stated with
specificity the reasons for his various objections as they pertain to each discovery
request, but instead has made blanket objections to each and every one of
defendant's first set of interrogatories and requests for production. Thus, it is
not possible for defendant to discern which objection applies to which discovery
request or to otherwise assess the merit of each objection. Moreover, plaintiff's
General Objections do not comply with FRCP 26, Local Rule 9, or defendant's
instructions inasmuch as he has not provided a privilege log which describes the
nature of the documents, communications, or things which he asserts are
protected from disclosure by the attorney-client, work-product of other privilege.
Please restate plaintiff's objections so that they comply with the applicable
Federal and Local Rules and with defendant's instructions.

<u>Interrogatories</u>

(1)    Plaintiff has not responded to this interrogatory.

(2)    Plaintiff has not responded to this interrogatory.

Wiggin & Dana

Leonard A. McDermott, Esq.
November 18, 2003
Page 2

(7)    Plaintiff has not provided responsive information concerning the periods
       of time from April 10, 2001 through September 30, 2001 during which
       he was unable to hold employment or do work for hire.  Please explain
       whether plaintiff was unable to hold employment during this entire
       period and/or provide responsive information concerning the periods of
       time during which he was unable to hold employment.  Also, is it
       plaintiff's contention that he was been unable to hold employment as of
       the date of his disability retirement and continuing to present?

(8)    Plaintiff has objected that this interrogatory is overly broad, vague, and
       oppressive.  However, the interrogatory could not be more clear
       inasmuch as it requests information concerning plaintiff's efforts to
       mitigate his alleged damages, which information is plainly relevant to
       plaintiff's claims.  Plaintiff further objects that the requested information
       is contained in an "administrative record, which is in defendant's
       possession."  However, to the extent plaintiff refers to the administrative
       proceedings concerning plaintiff's claim for unemployment compensation
       benefits, those proceedings have been dormant since on or about April 7,
       2003.  Please provide responsive information from April 10, 2001 to
       present as requested.

(9)    Please provide responsive information based upon the information
       presently in plaintiff's possession, custody and control.

(10)   Plaintiff implies through his objection that he does not maintain a file or
       any documents concerning his employment with and termination from
       defendant other than those files or documents which were prepared by
       defendant.  Please confirm defendant's understanding of plaintiff's
       objection.

(13)   Plaintiff has not provided responsive information concerning the date(s)
       on which he consulted with each of the health care providers identified in
       response to this interrogatory or the reason(s) he consulted with them.
       Please provide responsive information and confirm that plaintiff
       consulted only with the health care providers identified in this
       interrogatory response during the applicable period.

Requests for Production

(1)    Plaintiff has not produced the requested documents.

(2)    Plaintiff has not produced the requested documents.

**Wiggin & Dana**

Leonard A. McDermott, Esq.
November 18, 2003
Page 3

(3)   Plaintiff has not produced the requested documents.

(4)   Plaintiff has not produced the requested documents.

(5)   Plaintiff has not produced the requested documents.

(6)   Plaintiff has objected to this request for production on the grounds that it requires the production of documents already provided to defendant. However, it is not clear as to which documents plaintiff refers. Please identify those responsive documents that concern Tom Mueller's ("Mueller") knowledge of plaintiff's "short-term psychotic episodes" and that plaintiff claims are in defendant's possession and/or produce the requested documents.

(7)   Plaintiff has objected to this request for production on the grounds that it requires the production of documents already provided to defendant. However, it is not clear as to which documents plaintiff refers. Please identify those responsive documents that concern plaintiff's absences from work and that plaintiff claims are in defendant's possession and/or produce the requested documents.

(8)   Plaintiff has objected to this request for production on the grounds that it requires the production of documents already provided to defendant. However, it is not clear as to which documents plaintiff refers. Please identify those responsive documents that concern the events of April 4, 2001 and plaintiff's conversations and/or meetings with Mueller and Karen Vollero ("Vollero") and that plaintiff claims are in defendant's possession and/or produce the requested documents.

(9)   Plaintiff implies through his response that all documents concerning the events of April 6, 2001 and any conversations between plaintiff, Mueller, Mike McCusker ("McCusker"), Mike DeVivo ("DeVivo") and the Waterbury Police Officers are contained in the administrative records pertaining to plaintiff's claim with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and for unemployment compensation benefits, and are in defendant's possession. Please confirm defendant's understanding of plaintiff's response and/or provide responsive documents not contained in the foregoing administrative records.

(10)  Plaintiff implies through his response that all documents concerning the events of April 9, 2001 and any conversations between plaintiff and

**Wiggin** *&* **Dana**

Leonard A. McDermott, Esq.
November 18, 2003
Page 4

DeVivo are contained in the administrative records pertaining to plaintiff's claim with the CCHRO and for unemployment compensation benefits, and are in defendant's possession. Please confirm defendant's understanding of plaintiff's response and/or provide responsive documents not contained in the foregoing administrative records.

(11)    Plaintiff implies through his response that all documents concerning his claim that defendant discriminated against him based upon an "episode caused by his known, well documented disability and/or performance issue related to his disability" are contained in the administrative records pertaining to plaintiff's claim with the CCHRO and for unemployment compensation benefits, and are in defendant's possession. Please confirm defendant's understanding of plaintiff's response and/or provide responsive documents not contained in the foregoing administrative records.

(12)    Plaintiff implies through his response that all documents concerning his claim that defendant breached its duty to accommodate his disability are contained in the administrative records pertaining to plaintiff's claim with the CCHRO and for unemployment compensation benefits, and are in defendant's possession. Please confirm defendant's understanding of plaintiff's response and/or provide responsive documents not contained in the foregoing administrative records.

(13)    Plaintiff has objected to this request for production on the grounds that it requires the production of documents already provided to defendant. However, it is not clear as to which documents plaintiff refers. Please identify those responsive documents that concern plaintiff's claim that he did not pose a direct threat to his own safety or to the safety of defendant's employees or property and that plaintiff claims are in defendant's possession and/or produce the requested documents.

(14)    Please provide responsive information based upon the information presently in plaintiff's possession, custody and control, including documents concerning plaintiff's claim that he has suffered "severe emotional distress" on account of defendant's discriminatory actions.

(15)    Plaintiff has objected to this request for production on the grounds that it requires the production of documents already provided to defendant. However, the request, by its plain language, seeks only those responsive documents "not already produced." Moreover, it is not clear as to which

**Wiggin & Dana**

Leonard A. McDermott, Esq.
November 18, 2003
Page 5

documents plaintiff refers. Please identify those responsive documents
that concern plaintiff's job duties and responsibilities as a draftsman and
that plaintiff claims are in defendant's possession and/or produce the
requested documents.

(16)    Please identify those responsive documents which plaintiff maintains are
contained in the administrative records pertaining to plaintiff's claim with
the CCHRO and for unemployment compensation benefits.

(17)    Plaintiff implies through his objection that no responsive documents exist
other than those which were previously provided to defendant. Please
confirm defendant's understanding of plaintiff's objection.

(18)    Plaintiff has objected to this request for production on the grounds that it
is "overly broad, vague, oppressive, unduly burdensome, or that
responding to it would subject [p]laintiff to perform and (sic)
unreasonable amount of investigation." However, the request could not
be more clear inasmuch as it requests information concerning plaintiff's
efforts to mitigate his alleged damages, which information is plainly
relevant to plaintiff's claims. Thus, please explain how plaintiff may
maintain his objection in good faith and/or produce the requested
documents.

(20)    Plaintiff has not produced the requested documents.

(21)    Plaintiff has objected to this request for production on the grounds that it
invades his privacy rights under state and federal law. However, plaintiff
has placed his medical history in issue as a result of the allegations made
in his complaint. Thus, the requested information is reasonably
calculated to lead to the discovery of admissible evidence. Please identify
those "state and federal laws" upon which plaintiff bases his objection
and/or complete and produce the appropriate medical authorization
forms.

(23)    Plaintiff has not produced the requested documents.

(24)    Plaintiff has objected to this request for production on the ground that it
is "overly broad, vague, oppressive, unduly burdensome, or that
responding to it would subject [p]laintiff to perform and (sic)
unreasonable amount of investigation." However, the request could not
be more clear inasmuch as it requests information, not already produced,
concerning the claims made by plaintiff in his complaint. The requested

**Wiggin & Dana**

Leonard A. McDermott, Esq.
November 18, 2003
Page 6

information, therefore, is plainly relevant to plaintiff's claims. Thus, please explain how plaintiff may maintain his objection in good faith and/or produce the requested documents.

Please provide the foregoing information, without objection, as soon as possible as the discovery process must be completed no later than January 9, 2004. It is particularly important that plaintiff provide whatever medical records he may have, as well as the medical records release form right away so that records can be obtained and plaintiff's physicians deposed on a timely basis. As you know, the deposition of the plaintiff also needs to be rescheduled yet again.

If for any reason plaintiff does not intend to comply with defendant's discovery requests, please let us know so that we may prepare a motion to compel the responses and for appropriate sanctions. Finally, we have not yet received plaintiff's initial disclosures in accordance with FRCP 26(a), which are long past due. Please provide these disclosures.

Thank you for your attention to and cooperation in this matter.

Very truly yours,

Stephen B. Harris

cc:    Ms. Karen Vollero, Manager Employee Relations
       John G. Zandy, Esq.

\9754\40\434421.1

```
**********************
***    TX REPORT    ***
**********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0919 |
| CONNECTION TEL | 97231032 |
| CONNECTION ID | |
| ST. TIME | 11/18 14:23 |
| USAGE T | 02'24 |
| PGS. SENT | 7 |
| RESULT | OK |

# Wiggin & Dana

Counsellors at Law

Wiggin & Dana LLP
One CityPlace
185 Asylum Street
Hartford, Connecticut
06103-3402

Telephone
860.297.3700
Telefax
860.525.9380
www.wiggin.com

## T E L E F A X   T R A N S M I T T A L

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error please notify us immediately by telephone and return the original message to us by mail. Thank you.

Date:

November 18, 2003

To / Company / Telefax:

**Leonard A. McDermott**
**Employee Advocates, LLC / 723.1032**

From:

Stephen B. Harris

Telephone / Email:

203-498-4304 / sharris@wiggin.com

Client / matter code:

9754/40

Please copy:

We will copy:

Special Instructions: